UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEREKYE MAURICE BOLAR,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

No. C16-986RSL
No. CR09-293RSL

ORDER GRANTING MOTION
UNDER 28 U.S.C. § 2255

## I. INTRODUCTION

This matter comes before the Court on petitioner's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct A Sentence by a Person in Federal Custody," Dkt. # 1. Having reviewed the parties' briefing and the relevant record, the Court grants petitioner's motion for the reasons that follow.

## II. BACKGROUND

In April 2010, pursuant to an agreement with the government, Case No. CR09-293RSL, Dkt. # 23, petitioner Derekye Maurice Bolar pled guilty to a set of charges arising from a series of robberies: seven counts of "pharmacy robbery" (Counts 1–7, under 18 U.S.C. § 2118(a)); one count of possession of a firearm in furtherance of a crime of violence (Count 8, under 18 U.S.C. § 924(c)(1)(A)(i)); and one count of felon in possession of a firearm (Count 9, under 18 U.S.C. § 922(g)(1)). Case No. CR09-293RSL, Dkt. # 26.

ORDER GRANTING MOTION
UNDER 28 U.S.C. § 2255

In September 2010, the Court sentenced petitioner to 120 months in custody, comprising 60 months on the seven counts of pharmacy robbery and the count of felon in possession of a firearm, plus 60 months on the count of possession of a firearm in furtherance of a crime of violence. Case No. CR09-293RSL, Dkt. # 33 at 3. The statutory mandatory minimum penalty for the crime of possession of a firearm in furtherance of a crime of violence is 60 months' imprisonment, served consecutively. <u>See</u> 18 U.S.C. § 924(c)(1)(A)(i). Petitioner was also sentenced to five years of supervised release. Case No. CR09-293RSL, Dkt. # 33 at 3. Presumably pursuant to the appeal waiver in his plea agreement, <u>see</u> Case No. CR09-293RSL, Dkt. # 23 at 5, 8–9, petitioner did not appeal either his convictions or his sentence.

On June 26, 2015, the Supreme Court invalidated as unconstitutionally vague the Armed Career Criminal Act's residual clause, which defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . involves conduct that presents a serious potential risk of physical injury to another." <u>Johnson v. United States</u>, 135 S. Ct. 2551, 2557 (2015). On April 18, 2016, the Supreme Court declared this holding retroactive in cases on collateral review. <u>Welch v. United States</u>, 136 S. Ct. 1257, 1268 (2016).

On June 24, 2016, petitioner filed this motion under 28 U.S.C. § 2255, arguing that his conviction for possession of a firearm in furtherance of a crime of violence had been invalidated by the Supreme Court's holdings in <u>Johnson</u> and <u>Welch</u> because, after <u>Johnson</u>, the predicate crime of "pharmacy robbery" no longer qualifies as a "crime of violence." Dkt. # 1. The government opposes petitioner's motion to vacate his sentence. Dkt. # 6.

### III. DISCUSSION

Under 28 U.S.C. § 2255, a prisoner in federal custody may move the sentencing court to vacate, set aside, or correct his sentence where "the sentence was imposed in violation of the Constitution or laws of the United States, or [where] the court was without jurisdiction to impose such sentence, or [where] the sentence was in excess of the maximum authorized by law, or is

otherwise subject to collateral attack . . . ." Petitioner contends that his sentence was imposed in violation of the Constitution. Dkt. # 1 at 4. Because certain procedural aspects of petitioner's motion turn on resolution of the motion's merits, this order addresses the merits first.

**A.     Pharmacy Robbery as a "Crime of Violence"**

Here, petitioner challenges the constitutionality of his confinement on the grounds that one of the statutes that he was convicted of violating incorporates language similar to the language that <u>Johnson</u> declared unconstitutionally vague. Specifically, 18 U.S.C. § 924(c)(1)(A) criminalizes the possession of a firearm in furtherance of a "crime of violence" and thus incorporates the following definition of that term at 18 U.S.C. § 924(c)(3):

> an offense that is a felony and (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

As explained above, <u>Johnson</u> invalidated as unconstitutionally vague the ACCA's residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), which defined "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . *involves conduct that presents a serious potential risk of physical injury to another*." <u>Johnson v. United States</u>, 135 S. Ct. 2551, 2557 (2015) (emphasis added). The Ninth Circuit has since applied <u>Johnson</u> to invalidate the following clause in the definition of "crime of violence" contained within the Immigration and Nationality Act (INA) at 18 U.S.C. § 16(b):

> any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

ORDER GRANTING MOTION
UNDER 28 U.S.C. § 2255                -3-

Dimaya v. Lynch, 803 F.3d 1110, 1120 (9th Cir. 2015), cert. granted, 137 S. Ct. 31 (2016). Because the language invalidated by Dimaya is identical to the second part of the "crime of violence" definition underlying petitioner's conviction for possession of a firearm in furtherance of a crime of violence, petitioner argues that the portion of his sentence predicated on that conviction should be vacated as unconstitutional.

The Court agrees with petitioner that, taken together, Johnson and Dimaya compel the conclusion that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague.[1] See United States v. Cardena, 842 F.3d 959, 996 (7th Cir. 2016) (holding that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague in light of Johnson); United States v. Bustos, No. CR08-297LJO, Dkt. # 73 at 6–7 (E.D. Cal. Nov. 17, 2016) (collecting cases holding same). Accordingly, a conviction under 18 U.S.C. § 924(c)(1)(A)(i) for possession of a firearm in furtherance of a crime of violence can stand only if the predicate offense qualifies as a "crime of violence" under 18 U.S.C. § 924(c)(3)(A): that is, a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."

To determine whether a predicate offense qualifies as a "crime of violence" under that provision, courts apply the categorical approach. United States v. Benally, 843 F.3d 350, 352 (9th Cir. 2016) (citing United States v. Amparo, 68 F.3d 1222 (9th Cir. 1995)); see Taylor v. United States, 495 U.S. 575, 598 (1990). That approach does not consider the specific facts underlying the actual conviction, but rather requires the court to "compare the elements of the statute forming the basis of the defendant's conviction with the elements of" a "crime of

---

[1] Indeed, Johnson would seem to apply even more squarely to 18 U.S.C. § 924(c)(3)(B) than to the provision at issue in Dimaya: unlike the civil immigration statute at issue in Dimaya, the provision that petitioner now challenges is a criminal one. Moreover, 18 U.S.C. § 924(c)(1)(A)(i) establishes a mandatory minimum penalty for violations predicated on that provision. As the U.S. Supreme Court recently observed, the constitutional concerns about arbitrary enforcement that animated Johnson are particularly acute when the challenged language establishes mandatory minimum penalties for a crime. See Beckles v. United States, No. 15-8544, --- S. Ct. ----, 2017 WL 855781, at *8 (March 6, 2017).

violence." Benally, 843 F.3d at 352 (quoting Descamps v. United States, 133 S. Ct. 2276, 2281 (2013)). A crime cannot categorically be a "crime of violence" if the statute of conviction punishes any conduct not encompassed by the statutory definition of a "crime of violence." Id.

In petitioner's case, the predicate "crime of violence" underlying his violation of 18 U.S.C. § 924(c)(1)(A)(i) was the "pharmacy robbery" charged in Count 7. According to 18 U.S.C. § 2118(a), a person commits pharmacy robbery when he

> takes or attempts to take from the person or presence of another by force or violence or by intimidation any material or compound containing any quantity of a controlled substance belonging to or in the care, custody, control, or possession of a person registered with the Drug Enforcement Administration under section 302 of the Controlled Substances Act . . . .

Because pharmacy robbery thus punishes robbery by *intimidation* – conduct not encompassed by 18 U.S.C. § 924(c)(3)(A), which requires "the use, attempted use, or threatened use of *physical force* against the person or property of another," pharmacy robbery does not qualify as a "crime of violence" under the categorical approach.[2]

This conclusion is not undermined by the fact that petitioner admitted in his plea agreement to taking OxyContin from pharmacists "by his use of force, violence, or

---

[2] Certainly a person could intimidate another *through* the "use, attempted use, or threatened use of physical force." But because 18 U.S.C. § 2118(a) employs the disjunctive – "by force *or* violence *or* by intimidation" – the Court reads the statute to include intimidation through means *other* than force or violence (regardless of whether "force or violence" necessarily rises to the level of "physical force"). Thus, the statute punishes some conduct not encompassed by the statutory definition of a "crime of violence" in 18 U.S.C. § 924(c)(3)(A).

While both parties devote much space to citations illuminating the meaning of "physical force" as compared to simply "force" or "violence," the Court concludes that the inclusion of "intimidation" in 18 U.S.C. § 2118(a) is enough to settle the question whether pharmacy robbery can serve as a predicate offense under 18 U.S.C. § 924(c)(1)(A)(i). Cf. Descamps, 133 S. Ct. at 2291 (reserving the question whether, in determining a crime's elements for purposes of the categorical approach, the Court "should take account not only of the relevant statute's text, but of judicial rulings interpreting it").

intimidation," Case No. CR09-293RSL, Dkt. # 23 at 7. As explained above – and as the Ninth Circuit and the Supreme Court have emphasized – what matters for purposes of the categorical approach are the elements of the statute of conviction, not the "particular facts underlying the conviction." Benally, 843 F.3d at 352; see also Descamps, 133 S. Ct. at 2283 ("The key, we emphasized, is elements, not facts."). Thus, even though petitioner admitted to facts establishing a predicate crime under 18 U.S.C. § 924(c)(1)(A), petitioner's pharmacy robbery conviction cannot serve as a predicate crime under 18 U.S.C. § 924(c)(1)(A) if another defendant's pharmacy robbery conviction – say, one accomplished purely through intimidation rather than through force or violence – would not. Cf. Descamps, 133 S. Ct. at 2283 (characterizing version of categorical approach that treated some, but not all, convictions for the same crime as ACCA predicates "based on minor variations in the cases' plea documents" as "exactly the differential treatment we thought Congress . . . took care to prevent").[3]

Accordingly, after Johnson and Dimaya, a conviction for pharmacy robbery under 18 U.S.C. § 2118(a) cannot serve as a predicate "crime of violence" for purposes of a conviction under 18 U.S.C. § 924(c)(1)(A)(i).

**B.  Timeliness**

Because petitioner's conviction became final more than one year before petitioner filed this motion, however, see 28 U.S.C. § 2255(f)(1), petitioner cannot invoke Johnson to invalidate

---

[3] The government further argues that, notwithstanding the relevance of petitioner's specific plea to the application of the categorical approach, petitioner cannot rely on Johnson to vacate his sentence because he has not shown that the Court relied on 18 U.S.C. § 924(c)(3)(B) in convicting or sentencing petitioner. Dkt. # 6 at 20–24. The Court agrees with the government that it is petitioner's burden to show by a preponderance of the evidence the facts underlying the sentencing court's alleged error. See Simmons v. Blodgett, 110 F.3d 39, 41–42 (9th Cir. 1997). But the government's reliance argument – which carries more weight in the sentencing context – is unpersuasive in this case, where the constitutional error affected not an advisory sentencing guideline but rather the statute that petitioner was convicted of violating. Here, where petitioner has shown that his predicate "crime of violence" does not survive Johnson, petitioner has satisfied his burden.

ORDER GRANTING MOTION
UNDER 28 U.S.C. § 2255                 -6-

his sentence unless his motion complies with the one-year limitations period codified at 28 U.S.C. § 2255(f)(3). That provision establishes that a petitioner must file his motion within one year of the "date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The Supreme Court decided <u>Johnson</u> on June 26, 2015, and petitioner filed this motion, asserting a right newly recognized in <u>Johnson</u>, within one year of that date – on June 24, 2016. In <u>Welch</u>, the Supreme Court declared <u>Johnson</u>'s rule retroactively applicable to cases on collateral review. 136 S. Ct. at 1268. Accordingly, petitioner's motion is timely.

The government argues that the Supreme Court's holding in <u>Welch</u> does not apply outside of the context of the ACCA's residual clause.[4] Dkt. # 6 at 2. But the government reads <u>Welch</u> too narrowly.

Under <u>Teague v. Lane</u>, 489 U.S. 288 (1989), new "substantive" rules apply retroactively on collateral review, while new "procedural" rules rarely do. <u>Id.</u> at 310–13. In <u>Welch</u>, the Supreme Court explained that the distinction is functional rather than formal: it turns on "whether [the new rule] alters only the procedures used to obtain the conviction, or alters instead the range of conduct or class of persons that the law punishes." <u>Welch</u>, 136 S. Ct. at 1266. In <u>Johnson</u>, the Supreme Court held that the ACCA's residual clause was unconstitutionally vague, effectively striking that provision from the text of the ACCA. 135 S. Ct. at 2563. Applying <u>Teague</u>, the Supreme Court in <u>Welch</u> concluded that <u>Johnson</u>'s rule was substantive because it altered the range of conduct that the ACCA punishes. 136 S. Ct. at 1265.

---

[4] The government cites <u>Beckles</u> as evidence that <u>Johnson</u> does not apply retroactively outside of the ACCA context, as that case presented the question whether <u>Johnson</u> retroactively invalidates a U.S. Sentencing Guideline incorporating language similar to that of the ACCA residual clause. Dkt. # 6 at 2–3. But because <u>Beckles</u> held that the Guidelines are not amenable to vagueness challenges, the Supreme Court never reached the retroactivity question. 2017 WL 855781, at *7.

ORDER GRANTING MOTION
UNDER 28 U.S.C. § 2255            -7-

That holding applies with equal force where Johnson alters the range of conduct punished by a different statutory provision. Here, the "crime of violence" clause in 18 U.S.C. § 924(c)(1)(A) determines whether petitioner has committed a crime or not – and Johnson's constitutional rule, which changes the meaning of that clause by invalidating a portion of 18 U.S.C. § 924(c)(3)(A), plainly alters the range of conduct that the law punishes. Accordingly, the Court concludes that Johnson applies retroactively in this context.

Because petitioner filed his motion within one year of the date on which the Supreme Court newly recognized a right that has since been made retroactively applicable to cases on collateral review, see 28 U.S.C. § 2255(f)(3), petitioner's motion is timely.

## C. Default

The government finally argues that petitioner's claim is procedurally defaulted because petitioner did not challenge his conviction under 18 U.S.C. § 924(c)(1)(A)(i) either in the district court or on direct appeal.[5]

To obtain collateral relief based on trial errors to which no contemporaneous objection was made, and which were not appealed directly, a petitioner must show both (1) cause excusing the default and (2) actual prejudice resulting from the errors. United States v. Frady, 456 U.S. 152, 167–68 (1982). Petitioner has demonstrated cause by showing that Johnson, the legal basis for his claim, explicitly overruled two cases[6] that rendered petitioner's claim "not reasonably available" at the time of his sentencing. Murray v. Carrier, 477 U.S. 478, 488 (1986) ("[A]

---

[5] As part of his plea agreement, petitioner expressly waived his right to direct appeal and his right to collateral review. See Case No. CR09-293RSL, Dkt. # 23 at 8–9. But petitioner and the government agree that this waiver does not prevent petitioner from collaterally attacking his sentence as illegal pursuant to Johnson's constitutional vagueness rule. Dkt. # 6 at 20–21; Dkt. # 8 at 24. See United States v. Torres, 828 F.3d 1113, 1125 (9th Cir. 2016) (citing United States v. Bibler, 495 F.3d 621, 624 (9th Cir. 2007)).

[6] Those two cases were James v. United States, 550 U.S. 192 (2007), and Sykes v. United States, 131 S. Ct. 2267 (2011).

ORDER GRANTING MOTION
UNDER 28 U.S.C. § 2255            -8-

showing that the factual or legal basis for a claim was not reasonably available to counsel . . . would constitute cause . . . ."); cf. Pressley v. United States, No. C16-510RSL, 2016 WL 4440672, at *3 (W.D. Wash. Aug. 11, 2016) ("Despite the government's arguments to the contrary, it would be unreasonable for the Court to punish petitioner for the failure of his counsel to assert a claim that had been rejected by the Supreme Court twice within the previous seven years."). Petitioner has demonstrated actual prejudice by showing that, absent the unconstitutionally vague "crime of violence" definition in 18 U.S.C. § 924(c)(3), pharmacy robbery would not have been a predicate offense under 18 U.S.C. § 924(c)(1)(A)(i); he would not have been convicted of violating that provision; and thus he would not have been sentenced to that provision's 60-month mandatory minimum penalty. See Strickler v. Greene, 527 U.S. 263, 289 (1999) (holding that prejudice is shown where "there is a reasonable probability" that the result in petitioner's case would have been different absent the error). Thus, petitioner's Johnson claim is not barred by procedural default.

The government contends that petitioner has failed to show cause excusing default because the heart of his motion is not really the Johnson rule announced in 2015, but rather an earlier Johnson decision: Johnson v. United States, 559 U.S. 133 (2010).[7] That case held that the term "physical force," as used in the ACCA's definition for "violent felony," means "violent force – that is, force capable of causing physical pain or injury to another person." 559 U.S. at 140. Because petitioner now argues that pharmacy robbery is not a "crime of violence" under 18 U.S.C. § 924(c)(3)(A) (defining that term as a felony that "has as an element the use, attempted use, or threatened use of *physical force* against the person or property of another" (emphasis added)), and because this earlier Johnson case had already been decided at the time of

---

[7] The government also argues that, because petitioner's motion is grounded on the 2010 case, petitioner's motion is untimely even under 28 U.S.C. § 2255(f)(3). As explained below, the Court does not agree that the earlier Johnson is the legal basis for petitioner's motion.

ORDER GRANTING MOTION
UNDER 28 U.S.C. § 2255            -9-

petitioner's conviction, the government argues that petitioner cannot now claim that he lacked a basis for challenging his conviction or sentence in the first instance.

Even assuming that petitioner was aware of this March 2, 2010 Supreme Court decision when he signed his plea agreement on March 18, 2010, see Case No. CR09-293RSL, Dkt. # 23, the Court does not agree that petitioner's motion is truly grounded on the earlier Johnson ("Johnson I") rather than the latter ("Johnson II"). As explained above, see supra note 2, the Court need not rely on Johnson I's definition of "physical force" to reach its conclusion that pharmacy robbery does not qualify as a predicate "crime of violence" under 18 U.S.C. § 924(c)(3)(A). Moreover, petitioner's central argument – that pharmacy robbery is not a predicate "crime of violence" – was not available prior to Johnson II: even if petitioner had argued that pharmacy robbery did not qualify as a "crime of violence" under 18 U.S.C. § 924(c)(3)(A) and the categorical approach, citing Johnson I or otherwise, petitioner nonetheless could have been convicted of violating 18 U.S.C. § 954(c)(1)(A) via 18 U.S.C. § 924(c)(3)(B)'s alternative definition of "crime of violence" – the definition that, after Johnson II, must be voided as unconstitutionally vague.

Accordingly, the Court is satisfied that petitioner has shown both cause and prejudice excusing his procedural default. Petitioner is entitled to relief under 28 U.S.C. § 2255.

### III. CONCLUSION

For all of the foregoing reasons, petitioner's motion under 28 U.S.C. § 2255 to vacate his sentence (Dkt. # 1) is GRANTED. Petitioner's sentence pursuant to 18 U.S.C. § 924(c)(1)(A)(i) is VACATED. Both parties shall contact the Court to schedule resentencing in petitioner's criminal case. The Clerk shall close this case.

Dated this 28th day of April, 2017.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION
UNDER 28 U.S.C. § 2255 -11-